# Dunn Isaacson Rhee

March 16, 2026

Via ECF

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Re: *SocialRyse LLC v. YouTube LLC et al.*, No. 1:25-cv-10337-LAK**

Dear Judge Kaplan:

Defendants Google LLC and YouTube, LLC (collectively, "Defendants") submit this letter in response to Plaintiff SocialRyse LLC's March 13, 2026 letter to the Court, in which Plaintiff requested that the Court consider its second late-filed opposition, the "Corrected Memorandum of Law in Opposition to Defendants' Motion to Dismiss," "as the operative opposition brief," and that the Court "evaluate Defendants' Motion to Dismiss," ECF No. 12, against an Amended Complaint filed contemporaneously with that brief.   ECF No. 17 at 1.

In the interest of efficiently resolving Plaintiff's legally deficient claims, Defendants join in Plaintiff's request, as long as Defendants have a full and fair opportunity to litigate Plaintiff's new allegations and arguments.   Accordingly, Defendants respectfully request that the Court permit Defendants to file a reply memorandum in support of their motion to dismiss with a 10-page extension of the page limit, to 20 pages, and a one-week extension of time, to March 27, 2026.  This is Defendants' first request for an extension of time.   Defendants contacted Plaintiff's counsel regarding their request and received no response.

The Second Circuit has endorsed this approach where it "promotes judicial economy by obviating the need for multiple rounds of briefing addressing complaints that are legally insufficient." *Pettaway v. Nat'l Recovery Sol'ns, LLC*, 955 F.3d 299, 303 (2d Cir. 2020).  That is the case here.  As Defendants stated, Plaintiff's claims are facially time-barred, given that the statute of limitations for Plaintiff's claims is either three or four years and Plaintiff's claims accrued in early 2021.  The exhibits Plaintiff attached to the Amended Complaint bolster that conclusion.  *See*, *e.g.*, ECF No. 16-10 at 1 (March 1, 2021, letter from Plaintiff's distributor providing Plaintiff with the facts underlying its present claims: "YouTube has informed us that licensing activity in which you are engaged in must cease because YouTube has determined that this activity is a violation of YouTube's Terms of Service.").

**Dunn Isaacson Rhee LLP**
www.dirllp.com
401 9th Street, NW
Washington, DC 20004
(202) 240-2900



This approach is particularly appropriate here because Plaintiff's repeated errors and delays should not be permitted to delay resolution of this case or force Defendants to unnecessarily re-brief their arguments. Plaintiff's counsel already filed the first Complaint without exhibits (ECF No. 3); failed to re-file with exhibits after the Court directed him to do so at the January 28, 2026 conference; and, after Defendants timely filed their motion to dismiss (ECF No. 12), failed to file his opposition to the motion to dismiss on March 9, as required by Local Rules. Plaintiff eventually filed his 7-page, double-spaced opposition early in the morning on March 13. ECF No. 15. That brief attached (for the first time) a subset of exhibits referenced in Plaintiff's first complaint.

Approximately 13 hours later, Plaintiff then filed (1) a "First Amended Complaint," accompanied by certain exhibits, ECF No. 16; (2) a letter to the Court, ECF No. 17; and (3) a single-spaced, 18-page "Corrected Memorandum of Law in Opposition to Defendants' Motion to Dismiss," ECF No. 18. In its letter, Plaintiff claimed that the significantly shorter opposition brief filed just 13 hours prior was "based on an earlier draft that did not account for the Amended Complaint" (which had not yet been filed at the time). ECF No. 17 at 1. Plaintiff had not notified Defendants at any point that it intended to miss the filing date for its opposition; to substitute its initially filed opposition with another version only 13 hours later; to file an Amended Complaint; or to seek leave from the Court to treat Defendants' motion to dismiss as applied to the Amended Complaint.[1]

To avoid delay, and further unnecessary cost and burden, Defendants thus respectfully request permission to file a 20-page reply memorandum in support of their motion to dismiss, responding to Plaintiff's Amended Complaint and Corrected Memorandum in Opposition, on March 27, 2026.[2] We are available at the Court's convenience to provide any additional information that would be helpful to the Court in considering the request.

Sincerely,

*/s/ Erin J. Morgan*

---

[1] Plaintiff's March 13 filings remain deficient. Among other reasons, Plaintiff's First Amended Complaint (and its Corrected Memorandum) still omits at least one exhibit referenced in the Complaint, "Exhibit L." ECF No. 16 ¶ 42.

[2] To the extent Plaintiff files a request to file a sur-reply, Defendants would oppose given Plaintiff's request to the Court that its Corrected Memorandum be considered the operative opposition.



Erin J. Morgan
**DUNN ISAACSON RHEE LLP**
11 Park Place
New York, NY 10007
Telephone: (202) 240-2900
emorgan@dirllp.com

Jeannie S. Rhee
**DUNN ISAACSON RHEE LLP**
401 Ninth Street, NW
Washington, DC 20004
Telephone: (202) 240-2900
jrhee@dirllp.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

CC: All Counsel of Record (via ECF)

**Dunn Isaacson Rhee LLP**
www.dirllp.com
401 9th Street, NW
Washington, DC 20004
(202) 240-2900



3