USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/17/2026

**LAW OFFICE OF COURTNEY K. DAVY, L.L.P.** MEMO ENDORSED
**ATTORNEY AT LAW**
299 BROADWAY, SUITE 800
NEW YORK, N.Y. 10007

TEL: 516.850.1800/212-786-2331 EMAIL: courtneydavy.esq@gmail.com FAX: 347-658-3081

March 16, 2026

*Via ECF*

SO ORDERED

LEWIS A. KAPLAN, USDJ

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

3/17/26

Re:    *SocialRyse LLC v. YouTube LLC et al.*, No. 1:25-cv-10337-LAK

Dear Judge Kaplan:

Plaintiff SocialRyse LLC ("Plaintiff") respectfully submits this letter in response to Defendants' March 16, 2026 letter (ECF No. 19).

Plaintiff does not oppose Defendants' request for a one-week extension of time (to March 27, 2026) and a 10-page extension of the page limit (to 20 pages) for their reply memorandum in support of the motion to dismiss. Plaintiff agrees that evaluating Defendants' motion against the operative Amended Complaint in a single round of briefing promotes judicial economy.

In the event that your honor grants the defendants' request for the page and time extension, Plaintiff respectfully requests that the Court grant Plaintiff leave to file a sur-reply, not to exceed 10 pages, due April 17, 2026. Given that Defendants' expanded reply will function as their principal briefing on the operative Amended Complaint, Plaintiff requests that the sur-reply not be limited to particular issues or categories of argument, so that Plaintiff may fully respond to Defendants' reply.

A sur-reply is warranted because Defendants' expanded 20-page reply will be their first opportunity to address the Amended Complaint and the Corrected Memorandum of Law in Opposition. The Amended Complaint materially alters the factual allegations, drops several claims, and adds substantial new factual content—including specific contractual provisions, a detailed discovery chronology, an equitable estoppel theory, platform-by-platform market analysis, and expanded competitive-harm allegations. A reply addressing these new allegations for the first time will necessarily raise arguments that Plaintiff has not yet had an opportunity to address. Indeed, Defendants' letter already previews substantive arguments regarding timeliness and characterizations of Plaintiff's exhibits that go beyond their original motion. Permitting a sur-