# Dunn Isaacson Rhee

March 16, 2026

Via ECF

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

MEMO ENDORSED

*Granted*

SO ORDERED

LEWIS A. KAPLAN, USDJ

3/17/26

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 03/17/2026

**Re: *SocialRyse LLC v. YouTube LLC et al.*, No. 1:25-cv-10337-LAK**

Dear Judge Kaplan:

Defendants Google LLC and YouTube, LLC (collectively, "Defendants") submit this letter in response to Plaintiff SocialRyse LLC's March 13, 2026 letter to the Court, in which Plaintiff requested that the Court consider its second late-filed opposition, the "Corrected Memorandum of Law in Opposition to Defendants' Motion to Dismiss," "as the operative opposition brief," and that the Court "evaluate Defendants' Motion to Dismiss," ECF No. 12, against an Amended Complaint filed contemporaneously with that brief.   ECF No. 17 at 1.

In the interest of efficiently resolving Plaintiff's legally deficient claims, Defendants join in Plaintiff's request, as long as Defendants have a full and fair opportunity to litigate Plaintiff's new allegations and arguments.  Accordingly, Defendants respectfully request that the Court permit Defendants to file a reply memorandum in support of their motion to dismiss with a 10-page extension of the page limit, to 20 pages, and a one-week extension of time, to March 27, 2026.  This is Defendants' first request for an extension of time.  Defendants contacted Plaintiff's counsel regarding their request and received no response.

The Second Circuit has endorsed this approach where it "promotes judicial economy by obviating the need for multiple rounds of briefing addressing complaints that are legally insufficient." *Pettaway v. Nat'l Recovery Sol'ns, LLC*, 955 F.3d 299, 303 (2d Cir. 2020).  That is the case here.  As Defendants stated, Plaintiff's claims are facially time-barred, given that the statute of limitations for Plaintiff's claims is either three or four years and Plaintiff's claims accrued in early 2021.  The exhibits Plaintiff attached to the Amended Complaint bolster that conclusion.  *See, e.g.*, ECF No. 16-10 at 1 (March 1, 2021, letter from Plaintiff's distributor providing Plaintiff with the facts underlying its present claims: "YouTube has informed us that licensing activity in which you are engaged in must cease because YouTube has determined that this activity is a violation of YouTube's Terms of Service.").

**Dunn Isaacson Rhee LLP**
www.dirllp.com
401 9th Street, NW
Washington, DC 20004
(202) 240-2900

**DIR**